1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SAN MATEO ELECTRICAL WORKERS HEALTH CARE TRUST, et al. | Case No.: 09-CV-05519-LHK |
| Plaintiffs, | |
| v. | ORDER GRANTING DEFAULT JUDGMENT |
| ACS CONTROLS CORPORATION, | |
| Defendant. | |

## I.  INTRODUCTION

Three employee benefit trusts (San Mateo Electrical Workers Health Care Trust, San Mateo County Electrical Construction Industry Retirement Trust, and San Mateo Electrical Workers Education and Training Plan) were created by a collective bargaining agreement between an electricians' union (International Brotherhood of Electrical Workers, Local Union 617) and an employers' association (National Electrical Contractors Association, San Mateo Chapter).  The trusts, their trustee (Dominic Nolan), the union, and the employer association (collectively, "Plaintiffs") bring this action against ACS Controls Corporation ("Defendant"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, and the Labor Management Relations Act ("LMRA"), 29 USCS §§ 141-188.  Plaintiffs allege that Defendant is delinquent in its payments into Plaintiffs' trusts as required by the collective bargaining agreement.

1

Presently before the Court is Plaintiffs' Motion for Default Judgment (hereafter, "Motion," Dkt. No. 19). The Court conducted a hearing on October 7, 2010. Defendant did not oppose the motion or appear at the hearing. Based on some inconsistencies in the damages calculations originally submitted by Plaintiffs, the Court requested that Plaintiffs submit a revised damages calculation. Plaintiffs filed an Amended Declaration supporting their motion for default on October 26, 2010. *See* Dkt. No. 21. Based on the arguments presented and the papers submitted by Plaintiffs, Plaintiffs' Motion for Default Judgment is hereby GRANTED.

Because the Plaintiffs filed two declarations containing confidential employee information (Dkt. Nos. 19, Ex. 1, and 21), Plaintiffs are hereby ORDERED to submit a Motion to Remove Incorrectly Filed Document with a Proposed Order seeking replacement of these filings with properly redacted versions. The redacted versions shall be prepared by Plaintiffs and shall redact employee confidential information.

## II. BACKGROUND

### a. Factual Background

In a Complaint filed on January 16, 2009, Plaintiffs allege as follows:

The San Mateo Electrical Workers Health Care Trust, San Mateo County Electrical Construction Industry Retirement Trust, and San Mateo Electrical Workers Education and Training Plan (collectively, "Funds") are multi-employer employee benefit plans pursuant to ERISA 29 U.S.C. §§ 1002(3), (37) and 29 U.S.C. § 1132(d)(1) and jointly trusteed employee benefit trusts pursuant to the LMRA, 29 U.S.C. § 186(c)(5). Compl. ¶ 3. Dominic Nolan is a trustee and fiduciary of the Funds under ERISA and LMRA. Compl. ¶ 4. Defendant ACS Controls Corporation is an "employer" "engaged in an industry or activity affecting commerce" (electrical wiring installation) within the meaning of 29 U.S.C. § 152 and 29 U.S.C. §§ 1002-03. Compl. ¶ 5.

At all relevant times, Defendant was a signatory to a Letter of Assent binding it to the Inside Wireman's Agreement, a written collective bargaining agreement between Plaintiffs International Brotherhood of Electrical Workers Local Union 617 (a union) and National Electrical Contractors Association (an employers association). The Inside Wireman's Agreement also requires Defendant to be bound by applicable Fund agreements, which established the Funds. The

2

United States District Court
For the Northern District of California

1   Inside Wireman's Agreement requires a monthly payment to each Fund.  *See* Gordon Decl., Ex. A

2   at 22-29 (Inside Wireman's Agreement, Art.'s VI, VII).  These requirements are consistent with the

3   calculations on the payroll slips approved by Defendant's bookkeeper.  *See, e.g.* Gordon Decl., Ex.

4   A at 25 (Inside Wireman's Agreement, Section 7.3, providing that the San Mateo County Electrical

5   Construction Industry Retirement Trust receives $6.00 per employee hour worked, plus an

6   additional $3.00 or $6.00 per hour if a vested participant so desires); Am. Gordon Decl., Ex. A at

7   1-2 (payment obligations calculated and acknowledged by Defendant's bookkeeper Judy Still,

8   specifically "Local Pension - Total Column 5" at 2 and Cols. 4-5 at 3).

9            The Inside Wireman's Agreement provides for the possibility of payment levels changing at

10  the recommendation of the Funds' trustees.  *See* Gordon Decl., Ex. A at 26, 27 (Inside Wireman's

11  Agreement, Sections 7.4, 7.6(c)).  Payments to the San Mateo Electrical Workers Health Care

12  Trust and the San Mateo Electrical Workers Education and Training Plan have increased from the

13  levels provided in the Inside Wireman's Agreement.  Although Plaintiffs have provided no contract

14  documentation other than the Inside Wireman's Agreement, Defendant's own payroll slips, signed

15  by Defendant's bookkeeper document the increases.  *See, e.g.* Am. Gordon Decl., Ex. A at 1

16  ("Health & Welfare - $7.70 per hour" from April 2009); Gordon Decl., Ex. A at 26 (Section 7.4,

17  providing payment of $6.70 per hour to San Mateo Electrical Workers Healthcare Trust, effective

18  June 2006).  Both the Fund Agreements and the Inside Wireman's Agreement provide for prompt

19  payment of all employer contributions to the Funds and provide for the payment of liquidated

20  damages and attorney's fees in case of late or missed payments.  Plaintiffs allege that the

21  agreements also provide for interest at a simple annual rate of 8%, although the cited sections of

22  the Agreement contain no such provision.  Compl. ¶¶ 7, 8 (quoting Inside Wireman's Agreement,

23  Sections 7.7-7.8.)

24           Plaintiffs allege that Defendant breached the agreements in the following ways.  First,

25  Defendant untimely paid for the months of June 2008, October 2008 through March 2009, and

26  May 2009 through July 2009.  Second, Defendant failed to pay altogether for the months of August

27  2009 through July 2010.  Compl. ¶ 9; Stephenson Decl., Ex. A at 1.

28

3

Case No.: 09-CV-05519-LHK
ORDER GRANTING DEFAULT JUDGMENT

**United States District Court**
For the Northern District of California

1    On the basis of the allegations outlined above, Plaintiffs allege two causes of action.  First,

2  Plaintiffs allege failure to make obligatory payments to a multiemployer plan under the terms of a

3  collective bargaining agreement in violation of ERISA.  Compl. ¶ 12.  Second, Plaintiffs allege

4  breach of Articles VI and VII of the Inside Wireman's Agreement in violation of LMRA.  Compl.

5  ¶ 16; *see* Gordon Decl., Ex. A at 22-29.

6          **b.  Procedural History**

7          On November 20, 2009, Plaintiffs filed this suit.  *See* Dkt. No. 1.  On March 8, 2010,

8  Plaintiffs served Defendant with the summons and complaint.  *See* Dkt. Nos. 1, 2, 5.  On March 10,

9  2010 and again on April 15, 2010, the initial case management conference was continued at

10  Plaintiffs' request, pending informal settlement talks with Defendant.  *See* Dkt. Nos. 6, 8.  Pursuant

11  to Fed. R. Civ. P. 12(a)(1), Defendant's Answer was due on March 28, 2010.  *See* Dkt. No. 5.  On

12  April 27, 2010, as a result of Defendant's failure to answer the complaint, Plaintiffs filed a motion

13  for entry of default.  *See* Dkt. No. 9.  On April 29, 2010, the Clerk of Court entered default.  *See*

14  Dkt. No. 10.  Presently before the Court is Plaintiffs' Motion for Default Judgment.

15  **III.  LEGAL STANDARDS**

16          Pursuant to Fed. R. Civ. P. 55(b)(2), when the defendant fails to timely answer a complaint,

17  the plaintiff  may move the court for an entry of default judgment.  The grant of a default judgment

18  is within the discretion of the court.  *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).  In the

19  Ninth Circuit, the district court must consider seven factors: (1) the possibility of prejudice to the

20  plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the

21  sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6)

22  whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal

23  Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-

24  72 (9th Cir. 1986).

25  **IV.  ANALYSIS**

26          Plaintiffs move the Court to enter default judgment against Defendant for unpaid contributions,

27  liquidated damages for unpaid contributions, interest for unpaid contributions, liquidated damages

28

Case No.: 09-CV-05519-LHK
ORDER GRANTING DEFAULT JUDGMENT

1    for contributions that were late, but paid before the complaint was brought, and attorney's fees and

2    costs.  Mot. at 3-4.

3              **a.  Default Judgment**

4              Plaintiffs have presented proof of adequate service of process, and Defendant has failed to

5    timely answer, leading the Clerk of Court to enter default against Defendant.   *See* Dkt. Nos. 5, 10.

6    The Court thus has discretion to grant or deny a default judgment under Fed. R. Civ. P. 55(b).  *See*

7    *Eitel*, 782 F.2d at 1471- 72.  Although strong public policy favors decisions on the merits, in light

8    of Defendant's refusal to litigate, the Court must examine whether default judgment is appropriate

9    in this case under *Eitel*.

10             Here, Defendant has not presented a defense or otherwise communicated with the Court at

11   all.  Thus, Defendant has not shown excusable neglect.  If Plaintiffs are not granted default

12   judgment, the Unions and Funds cannot recover the contributions owed to them.  *See Bay Area*

13   *Painters and Tapers Pension Trust Fund v. Lombari*, No. 10-0709 SC, 2010 WL 3749401, at *3

14   (N.D. Cal. Sept. 23, 2010).  The Court finds that Defendant's failure to demonstrate excusable

15   neglect, measured against the possibility of prejudice to Plaintiffs, favors default judgment.

16             Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are

17   taken as true except as to the amount of damages.  *Fair Hous. of Marin v. Combs*, 285 F.3d 899,

18   906 (9th Cir. 2002); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).  Here, the

19   Clerk of Court entered default on April 29, 2010.  Upon review of Plaintiffs' Complaint, and

20   pursuant to ERISA § 502, Plaintiffs have standing to enforce provisions of ERISA or obtain

21   appropriate equitable relief to redress certain violations. 29 U.S.C. § 1132.  Further, the Court finds

22   that Plaintiffs have adequately alleged a violation of § 515 of ERISA by showing that Defendants

23   did not contribute to the Funds as required by the Fund Agreements.  29 U.S.C. § 1145.  Thus, the

24   merits of Plaintiffs' claims are deemed valid.  Because the allegations are taken as true, there is no

25   possibility of a dispute concerning material facts.  These factors favor granting default judgment

26   for Plaintiffs.

27             A large sum of money in dispute weighs against granting default judgment. *See Eitel*, 782

28   F.2d at 1472 (affirming denial of default judgment for claim to $3M).  Here, Plaintiffs seek

United States District Court
For the Northern District of California

1    $43,573.31 (plus less than $10 daily interest after October 7, 2010), inclusive of attorneys' fees and

2    costs.  Mot. at 6.  This is a small amount when compared to "the potential loss of benefits by

3    Defendant's employees as a result of Defendant's conduct."  *See Bd. of Tr. of the N. Cal. Sheet*

4    *Metal Workers*, *et al*. *v. Peters*, No. C-00-0395, 2000 U.S. Dist. Lexis 19065, at *5 (N.D. Cal. Dec.

5    29, 2000).  Thus, the Court finds this factor in favor of default judgment.

6         In sum, the Court finds that the *Eitel* factors favor granting default judgment.  Accordingly,

7    the Court GRANTS Plaintiffs' Motion for Default Judgment.

8         **b.  Remedy**

9         Plaintiffs contend that Defendant should pay delinquent contributions, liquidated damages,

10   and interest to the Funds.  Mot. at 3-4.  Plaintiffs also contend that Defendant should pay Plaintiffs'

11   attorneys fees and costs.  Mot. at 4.

12        This action was brought by Plaintiff Nolan, the fiduciary of the Trusts, to enforce

13   Defendant's duties to make regular contributions to the Trusts under 29 U.S.C. § 1145.

14   Accordingly, the Court is obligated to award the unpaid contributions, interest on the contributions,

15   the greater of interest on the unpaid contributions or liquidated damages as provided by the plan,

16   and reasonable attorney's fees and costs.  29 U.S.C. § 1132(g)(2).

17        The Ninth Circuit has held that this provision is mandatory, and not discretionary, when (1)

18   defendant was delinquent when the action was filed, (2) the court is entering a judgment against

19   defendant and (3) the Trust Agreements provide for these awards.  *Nw. Admin.*, *Inc*. *v*. *Albertson*'*s*,

20   *Inc*., 104 F.3d 253, 257 (9th Cir. 1996).

21        Under the Inside Wireman's Agreement, delinquent contributors are liable for liquidated

22   damages of 10% on late contributions and for attorney's costs and fees incurred enforcing

23   collection by the Funds.  Plaintiffs also allege that the Trust Agreements provide for 8% per annum

24   simple interest on all unpaid contributions, but without documentary support for this figure.  The

25   terms of these agreements are in accordance with 29 U.S.C. § 1132(g)(2).  However, the Court will

26   not award the 8% interest without documentary support that this is the contractual interest rate.

27        Plaintiffs claim that $44,816.24 in contributions was either delinquent at commencement of

28   this action or became delinquent between commencement of this action and the October 7, 2010

Case No.: 09-CV-05519-LHK
ORDER GRANTING DEFAULT JUDGMENT

1  hearing on the Motion for Default Judgment.  However, Plaintiffs credit Defendant with payments

2  made since the suit was brought, of $1,500.00 on December 15, 2009, $1,500.00 on January 20,

3  2010, $4,000.00 on July 2, 2010, and $7,830 on July 8, 2010.  Thus, the delinquent principal

4  requested is $29,986.24.  Mot. at 3-4; Stephenson Decl. ¶ 25, Ex. A at 1; Am. Gordon Decl., Ex. B

5  at 1.

6        As liquidated damages, Plaintiffs seek 10% of the entire $44,816.24 ($4,481.62), per the

7  Inside Wireman's Agreement.  *See id.*  This is an appropriate application of 29 U.S.C. §

8  1132(g)(2).  *See Roofers Local Union No. 81 v. Wedge Roofing, Inc.*, 811 F. Supp. 1398, 1401-02

9  (N.D. Cal. 1991).

10       Plaintiffs seek 8% simple interest per annum on each contribution within the $44,816.24.

11  Interest is calculated from the due date of each payment until either the principal was paid (July 8,

12  2010) or until the hearing on Plaintiffs' Motion for Default Judgment (October 7, 2010).  The

13  calculated total is $2,526.86.  Plaintiffs overstate Defendant's liability by $32.50 when they

14  mistakenly apply the July 2 payment on July 8 in their interest calculations and fail to apply

15  $1370.55 from the July 8 payment.  *See* Motion at 3-4; Stephenson Decl. at 6, Ex. A at 1.

16  However, Plaintiffs also understate Defendant's liability by $71.67 when they fail to request

17  interest for the $1,500.00 paid late on December 15, 2009 and the $1,500.00 paid late on January

18  20, 2010.  *See* Am. Stephenson Decl., Ex. B at 1.  Thus, the corrected total interest is $2566.03.

19  However, the Court will not award the 8% interest without documentary support that this is the

20  contractual interest rate.

21       Plaintiffs also request 10% liquidated damages on payments that were late, but were paid

22  before the complaint was filed.  These liquidated damages total $3,045.85.  *See* Stephenson Decl.

23  ¶¶ 2-10.  ERISA may not be used as a vehicle to obtain late fees.  *See Idaho Plumbers & Pipefitters*

24  *Health & Welfare Fund v. United Mech. Contractors*, 875 F.2d 212, 215 (9th Cir. 1989); *Parkhurst*

25  *v. Armstrong Steel Erectors*, *Inc*., 901 F.2d 796, 797 (9th Cir. 1990).  However, although recovery

26  of liquidated damages for contributions that were late, but paid before the complaint was brought is

27  inappropriate under Plaintiffs' ERISA claim, contract remedies are not precluded by ERISA.

28  *Idaho Plumbers* at 216; *Parkhurst* at 798.  Thus, liquidated damages for Defendant's late payments

7

Case No.: 09-CV-05519-LHK
ORDER GRANTING DEFAULT JUDGMENT

United States District Court
For the Northern District of California

1    may be awarded under LMRA, 29 U.S.C. § 185(a).  The Court finds that the liquidated damages in

2    the uncontested Fund Agreements are a reasonable estimate of difficult-to-quantify harm, and

3    therefore appropriate contractual remedy for breach of the collective bargaining agreement.

4         Plaintiffs also request $5030.32 in attorney's fees and $447.42 in attorney's costs, up to but

5    not including the default judgment motion.  Gordan Decl. at 3.  Plaintiffs' counsel further estimates

6    unbilled fees to be $555.00 based on their hourly rate of $185 and unbilled work researching,

7    writing, and arguing this Motion.  *Id.*  These fees and costs total $6032.47.  Under 29 U.S.C. §

8    1132(g)(2)(D), the Court finds these fees and costs to be reasonable.

9         The unpaid principal, corrected interest, liquidated damages, and attorney's fees described

10   above total $46,112.48.  Plaintiffs filed their Motion for Default Judgment on September 2, 2010.

11   Plaintiffs later received payment of $1,000.00 on September 8, 2010, and $1,500.00 on October 6,

12   2010.  Am. Gordon Decl. ¶ 7, Ex. B at 1.  These payments reduce Defendant's liability to

13   $43,612.48.  *See* Am. Gordon Decl. ¶ 8, Ex. B at 1.

14        Plaintiffs also seek 8% simple interest on this total from October 7, 2010 until the judgment

15   is entered.  Am. Gordon Decl. ¶ 8.  29 U.S.C. § 1132(g)(2)(B) does not provide for interest on

16   liquidated damages and attorney's fees.  *Bd. of Tr. of the Boilermaker Vacation Tr. v. Skelly, Inc.*,

17   389 F.Supp.2d 1222, 1227 (N.D. Cal. 2005).  Thus, only interest on the unpaid principal is

18   appropriate, or $6.02 per day.  However, the Court will not award the 8% interest without

19   documentary support that this is the contractual interest rate.

20        In their Motion for Default Judgment, Plaintiffs cite to the liquidated damages provision in

21   support of the alleged provision for 8% interest.  *See* Mot. at 5 (citing Gordan Decl., ¶ 3, Ex. A at

22   27).  The Court has been unable to find reference to this 8% figure in the Inside Wireman's

23   Agreement entered into evidence.  *See* Gordan Decl., Ex. A.  Thus, notwithstanding the use of the

24   8% interest figure in the damages calculations by Sandy Stephenson.  Stephenson Decl. ¶¶ 11-23,

25   the Court currently finds insufficient evidentiary basis for the award of 8% interest on the

26   principal; however, 29 U.S.C. § 1132(g)(2) entitles Plaintiffs to interest on the unpaid principal.

27   The Court therefore instructs Plaintiffs to submit evidence of their entitlement to interest at the

28

Case No.: 09-CV-05519-LHK
ORDER GRANTING DEFAULT JUDGMENT

*United States District Court*
For the Northern District of California

1   specific rate of 8% by December 1, 2010.  If this evidence is not submitted, Defendant will *not* be

2   liable for $6.02 daily simple interest.

3   **V.  CONCLUSION**

4        The Court GRANTS Plaintiffs' Motion for Default Judgment and AWARDS Plaintiffs

5   $43,612.48 in unpaid principal, interest, liquidated damages, and attorney's fees and costs, along

6   with $6.02 per day interest on unpaid principal from October 7, 2010 until entry of judgment, for a

7   total of $43,883.38, conditional upon Plaintiffs submission to the Court of 8% interest provisions in

8   the Fund Agreements by November 29, 2010.  Absent submission by this deadline, Plaintiffs are

9   awarded $41,046.45.

10       Because the Plaintiffs filed two declarations containing confidential employee information

11   (Dkt. Nos. 19, Ex. 1, and 21), Plaintiffs are hereby ORDERED to submit a Motion to Remove

12   Incorrectly Filed Document with a Proposed Order seeking replacement of these filings with

13   properly redacted versions.  The redacted versions shall be prepared by Plaintiffs and shall redact

14   employee confidential information.  Counsel for Plaintiffs are further ordered to notify the affected

15   employees that their confidential information was made publicly available by Counsels' public

16   filing of this information by December 1, 2010.

17   **IT IS SO ORDERED.**

18   Dated: November 22, 2010                    _____

19                                                LUCY H. KOH
                                                 United States District Judge
20

21

22

23

24

25

26

27

28

Case No.: 09-CV-05519-LHK
ORDER GRANTING DEFAULT JUDGMENT

United States District Court
For the Northern District of California